**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Isidro CAZARES–CAZARES, aka**
**Isidro Cazares, Ignacio Cazares–**
**Cazares, Defendant–Appellant.**

**No. 02–10672.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 13, 2003.

---

 

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Isidro Cazares–Cazares appeals the district court's imposition of consecutive sentences for violating 8 U.S.C. § 1326 and his previous conditions of supervised release. He alleges that the sentences violate the Double Jeopardy Clause. Because Cazares–Cazares did not lodge any objection at sentencing, we review for plain error. *See United States v. Hernandez–Guardado,* 228 F.3d 1017, 1028–29 (9th Cir.2000). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Cazares–Cazares' consecutive sentences for violating § 1326 and for violating the terms of his supervised release, although predicated on the same conduct, do not violate the Double Jeopardy Clause because the sentences punish two separate crimes. The revocation of Cazares–Cazares' supervised release is punishment for his original crime, not for the conduct that resulted in the revocation of his supervised release. *United States v. Soto–Olivas,* 44 F.3d 788, 790–91 (9th Cir.1995).

■ The fact that the government's willingness to accept Cazares–Cazares' plea on his § 1326 violation was "conditioned upon the defendant being on supervised release" at the time of the violation does not change the analysis. *Cf. Witte v. United States,* 515 U.S. 389, 398–99, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) (finding that a single act can be punished as a single crime and can also be used as the basis for a sentencing enhancement for a separate crime). The plea agreement was based upon the parties' understanding that Cazares–Cazares was on supervised release at the time of the violation, not upon the fact that he had violated his supervised release. Additionally, it was not error, let alone plain error, for the district court to impose consecutive sentences given that there is no suggestion in the plea agreement that the resulting sentence for the § 1326 offense also was intended to constitute punishment for Cazares–Cazares' supervised release violation.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

